## TIMKEN–DETROIT AXLE CO. v. EATON AXLE & SPRING CO.

### No. 2503.

District Court, N. D. Ohio, E. D.

Sept. 17, 1931.

Richey & Watts, of Cleveland, Ohio, for plaintiff.

Knvis, Hudson & Kent, of Cleveland, Ohio, for defendant.

JONES, District Judge.

It is well understood that the master's report is advisory, under the terms of the reference. The conclusions reached are those of the court.

The defendant's exceptions are largely directed to the master's finding that the second patent application was a continuing application in relation to the first, and to the findings and conclusions of the master as to the validity of the patent in suit over the prior art. Exceptions, of course, are taken as well to the finding of infringement.

The first mentioned phase of the matter is not wholly free from difficulties. The rule permitting the inventor to have the benefit of an earlier filing date, in the case of two applications, limits such advantage to subject-matter common to both applications. I think the formalities of the application are not controlling where it may be fairly determined that the inventor was endeavoring to secure protection for the same idea in the latter as in the earlier application, and that the substantial features of his conception are disclosed in the earlier application. It is not essential that every detail be common to both.

An examination of the two applications, with the attendant treatment and patent office history, justifies the finding and conclusion that Rockwell is entitled to the benefit of the earlier date. Disclosure was substantially made to those skilled in the art, in the earlier application, though no reference appears by words in the later. I find that plaintiff is en-

titled to the benefit of November 6, 1922, as the date of application for the patent in suit.

Considering the narrow field in which Rockwell was working, and that a combination of elements was involved, his double reduction bus axle for heavy duty was a substantial and meritorious improvement over the prior art. In a combination of old elements, new and beneficial results, increased accuracy and effectiveness in mechanism, changes in degree, and improved efficiency, may constitute invention. Certainly, Rockwell eliminated the dangerous overhang and consequent inaccuracy of gear contacts previously accepted as inherent in a double reduction axle construction and made available and commercially acceptable a double reduction axle for heavy duty, with the attendant mechanical advantages in a straight line assembly of the driving means, and this was accomplished by a combination including and depending upon the arrangement of the securing and locating sections and surfaces on the housings.

. The principal prior art reference is the Gurney handbook, Defendant's Exhibit H, published in 1915. As defendant claims, the handbook shows an axle design of the type of Rockwell's, but I am unable to perceive therein the novel combination of elements and functions of the patent in suit. Nor was this design intended for the commercial use to which Rockwell was directing his labors. The disclosures in the Gurney handbook have had, in my judgment, no practical value in the development of the invention here under consideration. The book itself is a looseleaf compilation relating to ball bearing engineering, as applied to the motor vehicle, but the reference pages relate to electrical, and, therefore, light duty construction. The illustrations appear to me to be obscure in so far as they constitute anticipation of Rockwell's heavy duty axle construction. The reference is neither clear nor convincing, and should not stand in the way of the practical development of the art relating to axles for heavy duty.

It was contended at one point that Rockwell made no claim to the fact that his axle was for heavy duty, but his invention related to a bus axle eminently suited to heavy truck drives. (See Patent, page 1, line 10.)

The Steinmetz axle was designed by defendant's witness Steppenbach in 1921, based upon the Gurney handbook axle design, page 59. I do not regard it as a prior use anticipating Rockwell, whose dates of invention. and patent application are established as 1919 and 1922, respectively. Since the Steinmetz axle was the Gurney handbook design, it has like infirmities as a defense.

The point of difference between the defendant's axle and the axle of the patent in suit is represented to hinge upon whether the defendant's wheel driving axles are "journalled in" the housing in the sense of the claim of the patent. That this is the extent of the difference may be readily observed from an examination of the Defendant's Exhibit CCC and the drawings of the patent. Claim 1 of the patent provides for wheel driving shafts journaled in the load carrying housing.

I understand the rule to be that every element, or its mechanical equivalent, of a combination patent must be found in an offending structure in order to declare infringement. The defendant's wheel driving shaft arrangement has the same function and is not essentially different in a mechanical or operative way from the patented axle. In view of the otherwise complete appropriation of the novel features of the plaintiff's axle, this variation seems to me to be without substance, and I find that the defendant's axle infringes.

My conclusion is that the patent No. 1571801 is valid and infringed, and that the plaintiff is entitled to injunctive relief and accounting. Exceptions overruled; report of master confirmed.